IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | NO. 21-416 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRON THOMAS | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    March 28, 2022


I.   **BACKGROUND**

On March 1, 2022, Defendant was convicted by a jury of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer in violation of 18 U.S.C. § 111(a)(1). The violation of 18 U.S.C. § 111(a)(1) occurred in the lobby of the James A. Byrne U.S. Courthouse for the United States District Court for the Eastern District of Pennsylvania on September 28, 2021.

Pursuant to Federal Rules of Criminal Procedure 33 and 34, Defendant has moved for a new trial and/or to arrest the judgment in this case.[1] Defendant primarily argues that: (1) the Court did not have jurisdiction over Defendant because the Court did not hold a probable cause hearing, (2) that Defendant was

---

[1]    Defendant filed this motion pro se.

improperly detained during the course of trial, (3) the presiding judge should have recused himself, (4) Defendant's counsel was ineffective, (5) the Court wrongly denied Defendant's subpoena requests, (6) the evidence was insufficient to sustain the jury's verdict and that the Government violated Brady v. Maryland, (7) the Court failed to hold a hearing pursuant to Franks v. Delaware, (8) the Court failed to rule on all motions, and (8) the Court gave the jury an erroneous instruction.

The Court held a hearing on Defendant's motion on March 28, 2022. For the reasons outlined below, Defendant's motion will be denied.

## II.   LEGAL STANDARD

Under Federal Rule of Criminal Procedure 33, a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The interest of justice requires a new trial "if errors occurred during the trial, and it is reasonably possible that such error, or combination of errors, substantially influenced the jury's decision." United States v. Rich, 326 F.Supp.2d 670, 673 (3d Cir. 2004) (citing United States v. Copple, 24 F.3d 535, 547 n.17 (3d Cir. 1994)).

Under Federal Rule of Criminal Procedure 34, "a motion for arrest of judgment may only be raised on the grounds that: (1)

the indictment or information does not charge an offense; or (2) the court was without jurisdiction of the offense charged." U.S. v. Beasley, 412 F. Supp. 447, 449 n.1 (E.D. Pa. 1975) (citing Fed. R. Crim. P. 34).

### III. DISCUSSION

Defendant's arguments pursuant to Federal Rule of Criminal Procedure 33 and 34 will be addressed below.

#### A. Jurisdiction Over Defendant's Case

Defendant appears to argue that, pursuant to Federal Rule of Criminal Procedure 34, the Court lacked jurisdiction over Defendant's case because the Court did not hold a probable cause hearing.

Primarily, the Court has jurisdiction over this case and was not required to hold a hearing on probable cause. Defendant was properly charged in an information with violating 18 U.S.C. § 111(a)(1), a Class A Misdemeanor. Consistent with Federal Rule of Criminal Procedure 7(c)(1), the information clearly informed Defendant of the elements of the offense and the information included a citation to the relevant statute. Because Defendant was charged with a Class A misdemeanor, a hearing on probable cause was not necessary. See Fed. R. Crim. P. 5.1(a)(4) (a magistrate judge must conduct a preliminary hearing unless "the government files an information charging the defendant with a misdemeanor"); 18 U.S.C. § 3060(e) (no preliminary examination

3

on the issue of probable cause is needed if "an information is filed against such person in a court of the United States."). The Court informed Defendant of this on the record before the start of the trial on February 23, 2022. Thus, Defendant's argument is without merit.[2]

### B. Detention During Trial

In his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, Defendant suggests that he was improperly detained during the course of the trial. Regardless of whether this is a proper basis for a motion for a new trial, Defendant's argument is without merit.

On February 11, 2022, the Court issued a bench warrant after Defendant failed to cooperate with Pretrial Services, failed to appear for two hearings, and failed to attend a Court-ordered appointment with a cardiologist. Due to Defendant's refusal to comply with Pretrial Services and with the orders of the Court, the Court issued a bench warrant for Defendant's arrest on February 11, 2022. Shortly after that, the bench warrant was executed. Defendant has remained in custody since then.

---

[2]     Defendant also avers that the Information was deficient because it relied upon an affidavit, which Defendant claims was flawed. However, the Information did not need to be supported by a probable cause affidavit, so Defendant's argument is without merit. Defendant does not make any other discernible arguments under Rule 34.

4

On February 23, 2022, before the start of trial, the Court found that pursuant to 28 U.S.C. §§ 3148(b)(1)(B), (b)(2)(B), clear and convincing evidence existed that Defendant had violated the conditions of his bail, and that Defendant was unlikely to abide by any condition or combination of conditions of release. Accordingly, Defendant's pretrial release was revoked and Defendant was ordered to remain in detention pending all further proceedings. The Court stated its findings on the record before trial and the Court entered an order revoking Defendant's pretrial release on the same day. See Ord., ECF No. 87. Thus, Defendant's argument that he was improperly detained before and during his trial fails.

**C. Recusal**

Defendant argues that he is entitled to a new trial because the Court should have granted Defendant's prior motions for recusal.

Pursuant to Judge Scalia in Liteky v. U.S., 28 U.S.C. § 455(a) "requires a federal judge to disqualify himself in any proceeding in which his impartiality may be reasonably questioned." 510 U.S. 540, 541 (1994) (quotation marks omitted). Pursuant to section 455(b)(1), a federal judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §

5

455(b)(1). According to Justice Scalia, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky</u>, 510 U.S. at 555. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Id.</u>

Consistent with <u>Liteky</u> and section 455, there is no evidence of deep-seated favoritism or antagonism that made fair rulings impossible during the course of the proceedings. Applying <u>Liteky</u>, the Court previously denied Defendant's recusal motions on November 12, 2021, December 15, 2021, and February 23, 2022. <u>See</u> Orders, ECF Nos. 31, 57, 86. Thus, Defendant's argument that the Court should have recused itself also fails.

**D. Ineffective Assistance of Counsel**

On several occasions throughout the course of these proceedings, Defendant has argued that his previously appointed counsel, Dennis Caglia, Esq., was ineffective. At the hearing on March 28, 2022, Defendant indicated that he believes that Dennis Caglia ineffectively assisted Defendant throughout pretrial proceedings. However, the Court has previously considered such arguments because, on several occasions prior to trial, Defendant filed motions for ineffective assistance of counsel.

On February 23, the Court denied Defendant's motions for ineffective assistance of counsel as frivolous. The Court stated its findings on the record. The Court entered an order denying the motions that same day. See Ord., ECF No. 86.[3]

Further, any argument that Dennis Caglia ineffectively assisted Defendant at trial have no merit. Defendant chose to waive his Sixth Amendment right to counsel at trial. After conducting a colloquy pursuant to United States v. Peppers, 302 F.3d 120 (3d Cir. 2002), the Court found that Defendant knowingly, voluntarily, and intelligently waived his Sixth Amendment right to counsel and Defendant was competent to represent himself. The Court permitted Defendant to proceed pro se and appointed Dennis Caglia, Esq. as standby counsel. See Ord., ECF No. 86. Thus, Defendant cannot complain here that he did not have representation at trial or that his counsel was ineffective.

**E. Subpoena Requests**

Defendant further contends that the Court erred by refusing to allow Defendant to subpoena witnesses. November 19, 2021, Defendant submitted over two dozen subpoenas for testimony. A

---

[3]    As the Government notes, a claim of ineffective assistance of counsel requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, defendant must prove actual prejudice. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. At no point has Defendant made a showing of either.

7

number of the subpoenas were directed to the United States
District Court for the Eastern District of Pennsylvania Clerk's
office (the "Clerk's office") staff members, United States
Marshal's Service employees, and Pennsylvania Department of
Human Services ("DHS") employees. Clerk of Court Kate Barkman
correctly denied these requests pursuant to United States ex
rel. Touhy v. Ragen, 340 U.S. 462 (1951), because litigants do
not have authority to enforce subpoenas directed to federal
employees involving their federal duties.

On December 1, 2021, Defendant submitted almost two dozen
additional subpoenas for testimony. Defendant again submitted
the subpoenas to Clerk's office staff members, United States
Marshal's Service employees, and DHS employees. The Government
then moved to quash these subpoenas and moved for a protective
order. On December 15, 2021, the Court granted the Government's
motion to quash. See Ord., ECF No. 57.

In the Court's order, the Court directed Defendant to submit
any subpoenas he wished to serve to the Court for approval.
When the Court entered the December 15, 2021 order, Defendant
was represented by counsel. Defendant did not subsequently
submit any subpoenas to the Court for approval. Defendant's
counsel, Dennis Caglia, also did not submit any subpoenas to
the Court for approval.

Further, at the hearing on March 28, 2022, Defendant

8

identified a number of witnesses he believes should have testified at his trial. The witnesses Defendant identified are employees in the Clerk's office, none of which would have been able to testify about the incident that occurred in the lobby of the James A. Byrne U.S. Courthouse on September 28, 2021 as they were stationed in the Clerk's office at that time.

Even though Defendant never submitted any subpoenas to the Court for approval, Defendant was still permitted to call United States Marshal Gregory Marks, who was present at the time of the offense at issue. Thus, Defendant's argument that the Court refused to allow him to subpoena witnesses is without merit.

### F. Insufficient Evidence at Trial/<u>Brady</u> Violation

Defendant also avers that evidence of his guilt was insufficient to support a conviction, arguing that the affidavit of Gregory Marks, a witness in the case, is not credible and that Kevil Eibel, a witness in the case, lied about the amount of time Defendant spent in the Clerk's office on the day of the incident.

A sufficiency review addresses whether "the government's case was so lacking that it should not have even been <u>submitted</u> to the jury." <u>Burks v. United States</u>, 437 U.S. 1, 16, (1978) (emphasis in original). "On sufficiency review, a reviewing court makes a limited inquiry tailored to ensure that a

defendant receives the minimum that due process requires: a 'meaningful opportunity to defend' against the charge against him and a jury finding of guilt 'beyond a reasonable doubt.'" Musacchio v. United States, 577 U.S. 237, 243 (2016) (quoting Jackson v. Virginia, 443 U.S. 307, 314–315 (1979)). "The reviewing court considers only the 'legal' question 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson, 443 U.S. at 319) (emphasis in original).

 Here, Defendant had the opportunity to represent himself and he cross-examined the witnesses extensively. Defendant presented arguments to the jury that Gregory Marks' affidavit was unreliable and arguments that Kevin Eibel was not credible. The jury had the opportunity to evaluate Defendant's arguments and the credibility of the witnesses. The jury ultimately rejected Defendant's arguments. Thus, it is clear that Defendant received the minimum that due process requires, so his argument must fail here.

 Defendant further contends that video evidence of Defendant's interactions with staff members in the Clerk's office exists, and the Government violated Brady v. Maryland, 373 U.S. 83 (1963), because the Government did not produce such video evidence. However, Defendant's contention that video

evidence exists is mere speculation as witnesses, including Enrico Ilagan, testified that there is no recording device in the Clerk's office. Defendant even raised this argument before the jury, and the jury rejected the argument. Defendant does not point to any newly discovered evidence other than his belief and speculation that additional video evidence exists, so his argument fails here.

### G. <u>Franks</u> Hearing

Defendant contends that the Court improperly refused to hold a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). Defendant never filed a pro se or counselled motion for a <u>Franks</u> hearing. Defendant only referenced <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), as part of his pro se jury instructions, which Defendant filed while he was still represented by counsel.

### H. The Court Failed to Rule on all Motions

Defendant appears to argue that the Court failed to rule on several motions. To the extent Defendant is arguing that the Court has not decided the motions Defendant filed on February 23, 2022, before the start of trial, the Court ruled on Defendant's outstanding motions. <u>See</u> Ord., ECF No. 86.

All motions made during trial were considered and ultimately decided. Defendant's motion for a judgment of acquittal made pursuant to Federal Rule of Criminal Procedure 29

during Defendant's trial was to be decided after the jury's
verdict, and it has since been denied.

## I. Jury Instructions

Finally, Defendant contends that the jury instruction that
defined "forcibly" was incorrect because Federal Protective
Inspector Wagerman testified he did not have an actual fear of
pain, injury, or death. Defendant appears to believe that
Officer Wagerman must have had a subjective "fear of pain,
injury, or death," and that the just should have been instructed
as to this. However, this not the case.

The Court's instruction on the term "forcibly" is
consistent with the Modern Federal Criminal Jury Instructions.
See Modern Federal Jury Instructions-Criminal, Instruction 14-4
(2021). A leading case on this issue comes from the Second
Circuit, which provided that the term "forcibly" "does not mean
that force must actually have been used; it is sufficient if
force was threatened." United States v. Walker, 835 F.2d 983,
987 (2d Cir. 1987). The "forcibly" element of section 111(a)(1)
"may be satisfied by proof that there was such a threat or
display of physical aggression toward the officer as to inspire
fear of pain, bodily harm, or death." Id. (alteration in
original). "The proper standard for determining whether the
requisite degree of force was displayed, therefore, is an
objective one, i.e., whether the defendant's behavior would

12

reasonably have inspired fear in a reasonable person." Id. Thus, "explicit testimony as to the victim's state of mind is not necessary if the evidence of the observable events permits an inference that imminent bodily harm would have been feared by a reasonable person standing in the official's shoes." Id.

The First Circuit recently agreed with this definition, noting that "'forcible' action can be met by a showing of either physical contact with the federal agent, or by 'such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.'" United States v. Taylor, 848 F.3d 476, 493 (1st Cir. 2017); See also United States v. Bullock, 970 F.3d 210, 215 n.3 (3d Cir. 2020) (citing Taylor and noting the same). As noted, "[t]here is no requirement that the forcible act actually injure the officer or place him or her in fear." 58 Am. Jur. 2d Obstructing Justice § 70.

The Modern Federal Jury Instructions provide for language that encompasses this definition. The language from the Modern Federal Jury Instructions was adopted by the Court and used to charge the jury in this case.[4] Accordingly, Defendant's argument fails here as well.

---

[4]    The definition of "forcibly" is as follows:

All of the acts—assault, resist, oppose, impede, intimidate or interfere with—are modified by the word "forcibly." Thus, before you can find the defendant guilty you must find, beyond a reasonable doubt, that he acted forcibly. Forcibly means by use of force. Physical force is obviously sufficient. You may also find that a person who, in fact, has the present ability to inflict bodily harm

## V. CONCLUSION

For the foregoing reasons, Defendant's motion will be denied.[5]

_____

upon another and who threatens or attempts to inflict bodily harm upon such person has acted forcibly. In such a case, the threat must be a present one. A threat to use force at some unspecified time in the future does not satisfy this element.

Modern Federal Jury Instructions-Criminal, Instruction 14-4 (2021).

[5]  Defendant requests that his motion for a new trial be consolidated with his motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. There is no provision that provides for a section 2255 motion to be consolidated with a motion for a new trial, and there is no section 2255 motion currently pending, so this request will be denied.
Any additional arguments that Defendant has raised in support of his motion for a new trial are without merit and are denied as well.